## Chicago, Burlington & Quincy Railroad Company v. Frank Mehlsack.

*Railroads—Personal Injuries—Relation of Passenger—Standing upon Platform—Stealing Ride—Practice—Opening Address—Discretion.*

1. This court will not reverse the finding of a jury unless satisfied that it is against the manifest weight of the evidence, or is the result of passion or prejudice. or unless some error of law has intervened.

2. The failure of a trial court to require counsel for plaintiff to make an opening address to the jury after the evidence is closed and before counsel for the defendant makes his argument, can not be complained of, in view of the diverse practice in this regard.

[Opinion filed May 29, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Mr. George Willard, for appellant.

Messrs. Joseph S. Kennard, Jr., and Brandt & Hoffman, for appellee.

Moran, J. This is an appeal from a judgment rendered against appellant for injuries received by appellee while riding on the steps of a car of one of appellant's passenger trains.

The first point argued by appellant is that the verdict is against the evidence and law of the case. It is claimed that

the evidence shows that appellee jumped upon the steps of the car for the purpose of stealing a ride; that he did not, and did not intend to pay his fare, and therefore that the relation of passenger was not created between himself and the company, and it is further said that if he was a passenger, he was guilty of a lack of ordinary care for his own safety in standing upon the platform or the steps; that if he had been inside the car, he would not have been injured.

There is, no doubt, support in the evidence for the inference that appellee intended to steal a ride, but he testified that he was ready and willing to pay his fare, and expected to do so, but that the conductor did not come to him for it. As to his standing on the platform, he testifies that the car was crowded, that there was no room to stand inside and that several others besides himself were obliged to stand on the platform. It was for the jury to pass on this conflict and to draw the correct inference from all the facts and circumstances in evidence, and when their conclusion as to the facts has received the approval of the trial judge, an appellate court can not reverse the finding unless satisfied that it is against the manifest weight of the evidence, or is the result of passion or prejudice on the part of the jury, or unless some error of law has intervened.

Appellant contends that there are errors of law in the record. After a careful examination of all the rulings on evidence and the instructions given and refused, and consideration of counsel's argument and authorities cited, we are of opinion that no error of law was committed which authorizes this court to reverse.

It would serve no useful purpose to discuss the various points in detail. Upon the point that the counsel for plaintiff should have been required to make an opening address to the jury after the evidence was closed, before counsel for defendant made his argument, the writer is in sympathy with the contention of appellant. I am of opinion that plaintiff's counsel should be compelled to make his main speech to the jury (if he desires to argue his case at all) at the close of the evidence, and that if he makes any address after defendant's

counsel has made his argument, he should be confined sub-
stantially within the limits of reply. This seems to me to be
the natural, as it is manifestly the fair course to pursue. The
just test of an argument in support of the affirmative is to
submit it to the criticism and analysis of a negative argument,
and as the object of all discussion before the jury is, or ought
to be, to arrive at the truth, the order of argument ought to
be such as would best promote that end. In practice there
has been and is no uniform rule, at least in Cook county, upon
this subject, the matter being left to the discretion of the trial
judge; and, while I think the court should have required
plaintiff's counsel to open to the jury, and should have con-
fined him in his closing address to a reply to the argument of
defendant's counsel, still, in view of the diverse practice, it is
impossible to say that the course pursued by the court was an
abuse of discretion.

There is no error in the record, and the judgment will
therefore be affirmed.

*Judgment affirmed.*

Gary, J., takes no part in determining this case.